■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN BAZALAR, Appellant. [621 NYS2d 224] —Mercure, J. Appeal from a judgment of the County Court of Sullivan County (Lomanto, J.), rendered May 3, 1993, upon a verdict convicting defendant of the crimes of sodomy in the first degree, sodomy in the third degree, sexual abuse in the third degree (three counts) and endangering the welfare of a child.

Defendant, a Spanish-speaking priest at St. Peter's Roman Catholic Church in the Village of Monticello, Sullivan County, appeals his conviction of sodomy in the first degree and additional sex offenses allegedly committed against a 15-year-old boy between August and December 1993. The primary trial proof consisted of the testimony of the victim, who described defendant's acts, and Daniel Croston, defendant's church pastor, who recounted a December 8, 1991 conversation he had with defendant in which defendant is reported to have acknowledged in Spanish that he had taken the boy's

"part" and sucked it. The primary contentions advanced on appeal are that County Court erred in precluding defendant from impeaching Croston's testimony by presenting direct evidence in the form of testimony of (1) Spanish parishioners, tending to establish that Croston was not fluent in Spanish and frequently had difficulty understanding them, and (2) a linguistics expert, to the effect that when spoken, the Spanish words for "I sucked his part" sound very much like the Spanish phrase "you misunderstand me". We find merit to the first of the contentions, and accordingly reverse the judgment of conviction and remit the matter to County Court for a new trial.

Aside from a vigorous attack on the credibility of the victim, the primary defense to the charges centered upon Croston's lack of fluency in Spanish and the consequent likelihood that Croston misunderstood defendant's purported admission to having performed fellatio upon the victim. In this connection, it was Croston's direct testimony that, although Spanish is not his first language, he can speak and understand it and, when he does not understand, he asks the speaker to repeat the words until he does understand. He also stated that he frequently gave the Spanish mass, delivered homilies in Spanish and heard confessions in Spanish. Most important, he testified that he clearly understood defendant when he admitted engaging the victim in oral sex. Nonetheless, the record also established that Croston had no occasion to speak Spanish for a period of approximately 20 years and in his Grand Jury testimony Croston acknowledged that he was not "fluent" in the language and that he arranged for defendant's transfer to St. Peter's because, although Croston "speak[s] a little bit of Spanish", the Spanish congregation needed pastoral service. He also admitted on cross-examination that his Spanish homilies were taken from a prepared text and that during Spanish masses he would sometimes have to ask the congregation for assistance in choosing the correct words.

In light of the above, we conclude that the proffered testimony of Spanish parishioners, that in 1991 they had difficulty understanding Croston when he spoke Spanish from the pulpit and, more to the point, that Croston was unable to understand them when they spoke to him in Spanish, was by no means collateral. The "rule prohibiting the use of extrinsic evidence to impeach a witness on a matter that is merely collateral * * * has no application where the issue to which the evidence relates is material in the sense that it is relevant to the very issues that the jury must decide" *(People v Knight,* 80

NY2d 845, 847). Here, of course, Croston's ability to understand the Spanish language bears directly on the probative value of his testimony concerning defendant's alleged admission, a material issue in the case *(see, supra; People v Hudy,* 73 NY2d 40, 56-57; *People v Schwartzman,* 24 NY2d 241, 245, *cert denied* 396 US 846; Richardson, Evidence §§ 491, 507, at 478, 497 [Prince 10th ed]). Considering that any doubts are to be resolved in favor of the admissibility of impeachment evidence *(see, People v Wise,* 46 NY2d 321), we conclude that County Court abused its discretion in excluding the proffered evidence concerning Croston's inability to comprehend spoken Spanish.

On the other hand, in the absence of any evidence tending to show that defendant intended to say to Croston "you misunderstand me", the proffered testimony of the linguistics expert is based on pure speculation. That is not to say, however, that Croston could not be requested on cross-examination to speak the two phrases to show the jury the similarity of their sounds.

We have considered and rejected defendant's remaining contentions, including the argument that defendant's statements to Croston were privileged as a confidential communication to a priest *(see,* CPLR 4505; *People v Carmona,* 82 NY2d 603, 608-609) and those concerning the sufficiency of the trial evidence *(see, People v Allah,* 71 NY2d 830; *People v Bleakley,* 69 NY2d 490, 495).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Sullivan County for a new trial.