■ SHENOROCK SHORE CLUB, INC., Appellant, v ROLLINS AGENCY, INC., Respondent. [705 NYS2d 56] —In an action to recover damages for negligence, breach of contract, and negligent misrepresentation, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered November 27, 1998, which, upon a jury verdict, is in favor of the defendant and against it, dismissing the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

The plaintiff, Shenorock Shore Club, Inc. (hereinafter Shenorock), is a private beach and tennis club located in Rye on a peninsula between Milton Harbor and Long Island Sound. The defendant, Rollins Agency, Inc. (hereinafter Rollins) is an insurance brokerage agency which had been arranging Shenorock's assorted insurance needs since 1986. During a meeting between officers of Shenorock and Rollins in June 1992, various aspects of Shenorock's insurance were discussed. According to Shenorock, Rollins represented that Shenorock was not eligible for any additional primary Federally-underwritten flood insurance, or any commercially-marketed excess flood insurance, on its main clubhouse and associated bathhouses. Shenorock also claims that Rollins failed to advise it to insure various other structures on its property, and that Rollins sold Shenorock $500,000 in business interruption coverage with a high coinsurance requirement, when similar insurance without coinsurance was available. On December 11, 1992, a storm damaged Shenorock's property, causing approximately $2 million in damages, of which its insurance covered roughly half. Shenorock sued Rollins for the sums its insurance did not cover, alleging breach of contract, negligence, and negligent misrepresentation.

Prior to trial the Supreme Court ruled, as a matter of law, that Rollins had a special relationship with Shenorock, and therefore it had a heightened duty to advise Shenorock regarding its insurance coverage (*see, Murphy v Kuhn,* 90 NY2d 266).

After a trial on the issue of liability, the jury returned a verdict in favor of Rollins. We reverse and order a new trial.

The Supreme Court erred in refusing to allow testimony by Shenorock's expert witnesses, two insurance brokers, regarding the availability of additional flood insurance in 1992—an essential element of Shenorock's case (*see, e.g., Edgewater Apts. v Flynn,* 216 AD2d 53). In addition, the Supreme Court should have granted Shenorock the two-day continuance it requested to present its new underwriting expert, whom Shenorock had been required to retain in midtrial because of the unexpected ruling by the court disqualifying Shenorock's expert witnesses (*see, e.g., Romero v City of New York,* 260 AD2d 461; *Evangelinos v Reifschneider,* 241 AD2d 508; *Balogh v H.R.B. Caterers,* 88 AD2d 136).

Shenorock was also improperly prevented from impeaching the credibility of Rollins when the court precluded it from cross-examining employees of Rollins regarding their efforts to obtain additional flood insurance for Shenorock shortly after the December 1992 storm (*see, Hill v Arnold,* 226 AD2d 232; *see also, People v Wise,* 46 NY2d 321, 327; *People v Bazalar,* 211 AD2d 839).

The Supreme Court erred in ruling, as a matter of law, that there was a special relationship between Shenorock and Rollins. At the new trial, the Supreme Court should submit to the jury the issue of whether, under the factual circumstances of this case, Rollins had a special relationship with Shenorock, such that it assumed or acquired duties in addition to those fixed at common law (*see, e.g., Murphy v Kuhn, supra; M & E Mfg. Co. v Frank H. Reis, Inc.,* 258 AD2d 9; *see also, Kimmell v Schaefer,* 89 NY2d 257, 260).

The Supreme Court, however, properly dismissed Shenorock's causes of action to recover for damage to buildings other than the clubhouse and the north and south bathhouses, and its cause of action to recover damages based upon the failure of Rollins to obtain adequate business interruption coverage. Shenorock's officers admittedly did not discuss those items of coverage with Rollins. Accordingly, there is no "identifiable source of a special duty of care" regarding them (*Murphy v Kuhn, supra,* at 270). Bracken, J. P., McGinity, Luciano and Feuerstein, JJ., concur.