■ ALFRED HESSE, Appellant, v JOHN SPEECE et al., Respondents. [717 NYS2d 649] —In an action to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Nassau County (Joseph, J.), entered March 20, 2000, which, *inter alia*, granted the defendants' motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

While operating a vehicle insured by the defendant State Farm Insurance Company (hereinafter State Farm) the plaintiff was involved in an accident with a motorcyclist, who was seriously injured. The motorcyclist's action against the

plaintiff was settled for $270,000, comprised of $100,000 from State Farm (the limit of the plaintiff's policy) and $170,000 from the plaintiff's personal funds. Thereafter, the plaintiff commenced this lawsuit against State Farm and the defendant John Speece, his insurance broker, alleging that they were negligent in failing to advise him to obtain, and in failing to obtain, additional automobile liability insurance.

There is nothing in the record to indicate that the plaintiff specifically requested the defendants to increase his automobile liability coverage before the underlying accident (cf., *Santaniello v Interboro Mut. Indem. Ins. Co.,* 267 AD2d 372). Moreover, under the facts of this case, there was no "special relationship" between the broker and the plaintiff so as to impose upon the former the "continuing duty to advise, guide or direct [the plaintiff] to obtain additional coverage" (*Murphy v Kuhn,* 90 NY2d 266, 270; *see, Allwell Used Plumbing Supply v Aetna Life & Cas. Ins. Co.,* 257 AD2d 641; *Wied v New York Cent. Mut. Fire Ins. Co.,* 208 AD2d 1132; *cf., Schenorock Shore Club v Rollins,* 270 AD2d 330). The plaintiff did not raise any issue of fact in this regard. Accordingly, the court properly granted the defendants' motion for summary judgment dismissing the complaint (*see, Murphy v Kuhn, supra; Alvarez v Prospect Hosp.,* 68 NY2d 320).

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Santucci, H. Miller and Schmidt, JJ., concur.