■ STORYBOOK FARMS, Appellant, v RUCHMAN ASSOCIATES, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. CIGNA PROPERTY & CASUALTY INSURANCE COMPANY, Third-Party Defendant-Respondent. [726 NYS2d 867] —In an action to recover damages for negligence, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Scarpino, J.), entered March 22, 2000, as granted the defendants' motion and that branch of the separate motion of the third-party defendant which were for summary judgment dismissing the complaint and denied, as academic, its cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from,

with one bill of costs payable to the respondents appearing separately and filing separate briefs.

As a result of a storm which occurred on May 29, 1995, a caretaker's cottage on the plaintiff's property was damaged. The replacement cost of the cottage exceeded the limits of coverage available under the insurance policy for the cottage. The plaintiff commenced this action to recover damages for negligence against the defendants, the insurance brokers who secured the policy, for failure to advise it to increase the amount of coverage for the cottage because it had been renovated. Summary judgment was properly awarded to the defendants, who apart from a "common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so * * * [had] no continuing duty to advise, guide or direct a client to obtain additional coverage" (*Murphy v Kuhn,* 90 NY2d 266, 270; *see, Hesse v Speece,* 278 AD2d 368; *Ambrosino v Exchange Ins. Co.,* 265 AD2d 627). In opposition to the prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to the existence of a special relationship (*see, Murphy v Kuhn, supra; Hesse v Speece, supra; cf., Shenorock Shore Club v Rollins Agency,* 270 AD2d 330).

The plaintiff's remaining contentions are without merit. Altman, J. P., Friedmann, Smith and Adams, JJ., concur.