■ TAPPAN WIRE & CABLE, INC., Appellant, v COUNTY OF ROCKLAND et al., Defendants, and DUCEY AGENCY, INC., Respondent. [761 NYS2d 237] —In an action, inter alia, to recover damages for negligence, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated February 11, 2002, as granted that branch of the motion of the defendant Ducey Agency, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) from a judgment of the same court, entered March 6, 2002, which dismissed the complaint insofar as asserted against the defendant Ducey Agency, Inc. The plaintiff's notice of appeal from the order entered February 11, 2002, is deemed to also be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff, a cable and wire manufacturer, brought this action to recover damages sustained in a flooding of its property as the result of an overflow of the Sparkill Creek in Rockland County. The property was covered by an insurance policy issued by the defendant Hartford Fire Insurance Company (hereinafter Hartford). The defendant Ducey Agency, Inc. (hereinafter Ducey Agency), was the plaintiff's insurance broker, and assisted the plaintiff in procuring the policy. The Hartford policy excluded losses sustained as a result of a flood. Insofar as is relevant to this appeal, the complaint alleges that Ducey Agency breached a duty of care owed to the plaintiff by failing to procure flood insurance for the plaintiff's property.

Summary judgment was properly awarded to Ducey Agency, which, apart from a common-law duty to obtain requested coverage for its clients within a reasonable time, or inform the client of the inability to do so, had no continuing duty to advise, guide, or direct a client to obtain additional coverage (*see Murphy v Kuhn,* 90 NY2d 266, 270 [1997]; *Hesse v Speece,* 278 AD2d 368 [2000]; *Ambrosino v Exchange Ins. Co.,* 265 AD2d 627 [1999]). In opposition to the prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to the existence of a special relationship (*see Murphy v Kuhn, supra*; *Hesse v Speece, supra*; *cf. Shenorock Shore Club v Rollins Agency,* 270 AD2d 330 [2000]). Florio, J.P., Krausman, Goldstein and Townes, JJ., concur.