■ RICHARD LOEVNER, Respondent, v SULLIVAN & STRAUSS AGENCY, INC., Respondent-Appellant, and WHITMAN GROUP, LTD., Appellant-Respondent. [825 NYS2d 145]—

In an action, inter alia, to recover damages for breach of an insurance contract, the defendant The Whitmore Group Ltd., sued herein as The Whitman Group, Ltd., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), entered November 1, 2005, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant Sullivan & Strauss Agency, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs, and the motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against the defendants are granted.

An insurance agent or broker has a common-law duty to obtain requested coverage for a client within a reasonable amount of time or to inform the client of the inability to do so (*see Murphy v Kuhn*, 90 NY2d 266, 270 [1997]; *Tappan Wire & Cable v County of Rockland*, 305 AD2d 665, 666 [2003]; *Reilly v Progressive Ins. Co.*, 288 AD2d 365, 365 [2001]; *Storybook Farms v Ruchman Assoc.*, 284 AD2d 450, 450 [2001]; *Chaim v Benedict*, 216 AD2d 347, 347 [1995]). Thus, the duty is defined by the nature of the client's request (*see Kyes v Northbrook Prop. & Cas. Ins. Co.*, 278 AD2d 736, 737 [2000]; *Empire Indus. Corp. v Insurance Cos. of N. Am.*, 226 AD2d 580, 581 [1996]; *Wied v New York Cent. Mut. Fire Ins. Co.*, 208 AD2d 1132, 1133 [1994]). Absent a specific request for coverage not already in a client's policy or the existence of a special relationship with the client, an insurance agent or broker has no continuing duty to advise, guide, or direct a client to obtain additional coverage (*see Murphy v Kuhn, supra* at 270-271; *Duratech Indus., Inc. v Continental Ins. Co.*, 21 AD3d 342, 345 [2005]; *Reilly v Progressive Ins. Co., supra* at 366; *Hesse v Speece*, 278 AD2d 368, 369 [2000]; *Chaim v Benedict, supra* at 347).

Here, the defendant The Whitmore Group Ltd., sued herein as The Whitman Group, Ltd. (hereinafter Whitmore), demonstrated its prima facie entitlement to summary judgment by presenting evidence demonstrating that it procured the specific insurance coverage requested by the plaintiff, namely, an umbrella policy (*see Empire Indus. Corp. v Insurance Cos. of N. Am., supra* at 581). Moreover, even assuming the existence of a special relationship between the plaintiff and Whitmore, there is no basis for a finding that Whitmore breached a continuing duty to advise the plaintiff to obtain additional insurance coverage sufficient to close a gap in coverage between a boat insurance policy he purchased from the defendant Sullivan & Strauss Agency, Inc. (hereinafter Sullivan), and the umbrella policy he obtained through Whitmore. Although the plaintiff requested that Whitmore provide a quote for insurance covering a boat he was contemplating purchasing, the plaintiff did not advise Whitmore when he purchased the boat, did not request coverage for the boat, and did not even inform Whitmore he had obtained coverage elsewhere prior to the inception of a negligence action against him arising out of an accident on the boat. Furthermore, the plaintiff is conclusively presumed to have read and assented to the terms of the umbrella policy, which expressly indicated that third-party liability claims relating to a boat were subject to a $300,000 deductible (*see Busker on Roof Ltd. Partnership Co. v Warrington*, 283 AD2d 376, 377 [2001]; *Brownstein v Travelers Cos.*, 235 AD2d 811, 813 [1997]; *Madhvani v Sheehan*, 234 AD2d 652, 654-655 [1996]; *see also Metzger v Aetna Ins. Co.*, 227 NY 411, 416 [1920]). The plaintiff failed to raise a triable issue of fact in opposition.

The defendant Sullivan also demonstrated its prima facie entitlement to summary judgment. In support of its motion for summary judgment, Sullivan submitted the application for boat insurance on the basis of which it issued a boat insurance policy to the plaintiff. The application indicated that the plaintiff specifically requested the minimum level of liability coverage. While the application also indicated that the plaintiff had an umbrella policy, Sullivan was obligated only to procure the specific coverage requested. There is no evidence that the plaintiff asked for additional coverage to cover the gap resulting from the $25,000 minimum liability coverage under the boat insurance policy procured by Sullivan and the $300,000 deductible under the umbrella policy obtained through Whitmore, or that the plaintiff asked for any additional coverage above and beyond the $25,000 minimum. Moreover, the record provides no basis to conclude that the plaintiff and Sullivan had a special relationship that would give rise to the potential for a continu-

ing duty on Sullivan's part to advise the plaintiff to obtain additional coverage. Thus, under the circumstances, Sullivan had no duty to advise the plaintiff as to the need for additional insurance coverage (*see Chaim v Benedict*, 216 AD2d 347, 347 [1995]; *cf. Reilly v Progressive Ins. Co.*, 288 AD2d 365, 366 [2001]).

In light of the documentary evidence submitted by Sullivan, the plaintiff's deposition testimony that he did not recall telling anyone at Sullivan that he had an umbrella policy or that he wanted minimum coverage was insufficient to raise a triable issue of fact. Moreover, the plaintiff is conclusively presumed to have read and assented to the terms of the boat insurance policy procured by Sullivan (*see Busker on Roof Ltd. Partnership Co. v Warrington*, 283 AD2d 376 [2001]). Miller, J.P., Goldstein, Skelos and Fisher, JJ., concur.