■ Thomas Verbert, Appellant, v William Garcia et al., Respondents. [882 NYS2d 259]—

In an action, inter alia, to recover damages for breach of a contract to procure insurance, the plaintiff appeals from an order of the Supreme Court, Orange County (McGuirk, J.), dated March 25, 2008, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs.

An insurance agent or broker has a common-law duty to obtain requested coverage for a client within a reasonable amount of time, or to inform the client of the inability to do so (*see Murphy v Kuhn*, 90 NY2d 266, 270 [1997]; *Loevner v Sullivan & Strauss Agency, Inc.*, 35 AD3d 392, 393 [2006]; *Tappan Wire & Cable v County of Rockland*, 305 AD2d 665, 666 [2003]; *Reilly v Progressive Ins. Co.*, 288 AD2d 365 [2001]). Thus, the duty is defined by the nature of the client's request (*see Loevner v Sullivan & Strauss Agency, Inc.*, 35 AD3d at 393; *Kyes v Northbrook Prop. & Cas. Ins. Co.*, 278 AD2d 736, 737 [2000]; *Wied v New York Cent. Mut. Fire Ins. Co.*, 208 AD2d 1132, 1133 [1994]). Absent a specific request for coverage not already in a client's policy or the existence of a special relationship with the client, an insurance agent or broker has no continuing duty to advise, guide, or direct a client to obtain additional coverage (*see Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d 152, 157-158 [2006]; *Murphy v Kuhn*, 90 NY2d at 270-271; *Loevner v Sullivan & Strauss Agency, Inc.*, 35 AD3d 392 [2006]).

Here, the defendants demonstrated their prima facie entitlement to summary judgment (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]) by presenting evidence that the plaintiff had not explicitly requested that the defendant insurance agent procure specific insurance coverage (*see Hoffend &*

*Sons, Inc. v Rose & Kiernan, Inc.,* 7 NY3d 152 [2006]; *Loevner v Sullivan & Strauss Agency, Inc.,* 35 AD3d 392 [2006]). Moreover, even if the plaintiff's request for a "quote" could be deemed an explicit request for the procurement of insurance, the defendant agent informed the plaintiff that he could not generate a quote unless the plaintiff provided him with specific information relating to the property's potential location in a flood zone, which the plaintiff did not provide. Thus, under the circumstances of this case, the defendant agent did not breach any duty to procure insurance coverage for the plaintiff (*see Hoffend & Sons, Inc. v Rose & Kiernan, Inc.,* 7 NY3d at 152; *Murphy v Kuhn,* 90 NY2d at 270-271; *Loevner v Sullivan & Strauss Agency, Inc.,* 35 AD3d 392 [2006]). In addition, there was no special relationship between the plaintiff and the defendant agent (*see Hoffend & Sons, Inc. v Rose & Kiernan, Inc.,* 7 NY3d at 158; *Murphy v Kuhn,* 90 NY2d at 271). Since the plaintiff failed to raise a triable issue of fact in opposition (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]), the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint. Mastro, J.P., Dillon, Santucci and Balkin, JJ., concur.