■ CORE-MARK INTERNATIONAL, Appellant, v SWETT & CRAWFORD INC. et al., Respondents. [898 NYS2d 206]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered January 29, 2009, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first and third causes of action of the amended complaint and, in effect, denied its cross application for leave to replead the first cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action alleging, inter alia, that the defendants, acting as its insurance brokers, procured a "scheduled loss" property insurance policy from Commonwealth Insurance Company (hereinafter Commonwealth), rather than the specific insurance coverage it requested, namely, a general limits blanket policy. As a result of the defendants' alleged mistake, the plaintiff was not fully reimbursed for certain property damage to one of its warehouses. In the amended complaint,

the plaintiff asserted causes of action to recover damages for breach of fiduciary duty and negligence, and for declaratory relief.

The defendants moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint, and the Supreme Court granted that branch of the motion, but granted the plaintiff leave to replead the negligence cause of action.

An insurance broker has a common-law duty either to obtain the coverage that a customer specifically requests within a reasonable period of time or to inform the customer of an inability to do so (*see Verbert v Garcia*, 63 AD3d 1149 [2009]; *Loevner v Sullivan & Strauss Agency, Inc.*, 35 AD3d 392, 393 [2006]). Although exceptional circumstances may arise in which insurance agents, through their conduct, may assume duties in addition to those fixed at common law (*see Murphy v Kuhn*, 90 NY2d 266, 272 [1997]), that was not the case here. There was no allegation that the defendants received compensation for consultation apart from payment of the premiums, that the plaintiff relied on the expertise of the defendants regarding a question of coverage, or that there was a course of dealing between the plaintiff and the defendants over an extended period of time that would have put an objectively reasonable insurance broker on notice that its advice was being sought and specially relied upon (*see Murphy v Kuhn*, 90 NY2d 266, 272). Thus, affording the amended complaint every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), it alleged only that the defendants failed to procure the type of policy the plaintiff requested and failed to inform the plaintiff of an inability to do so. Accordingly, the Supreme Court correctly granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action asserting a breach of fiduciary duty and the third cause of action seeking a judgment declaring that the defendants breached their fiduciary duties to the plaintiff.

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Fisher, J.P., Covello, Lott and Sgroi, JJ., concur.