(February 22, 2011)

■ Axis Construction Corp., Appellant, v O'Brien Agency, Inc., et al., Respondents. [917 NYS2d 265]—

In an action, inter alia, to recover damages for breach of a contract to procure insurance, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Emerson, J.), dated October 21, 2009, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered December 22, 2009, which, upon the order, is in favor of the defendants and against it dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendants' motion for summary judgment dismissing the complaint is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

An insurance agent or broker has a common-law duty to obtain requested coverage for a client within a reasonable amount of time, or to inform the client of the inability to do so (see Hoffend & Sons, Inc. v Rose & Kiernan, Inc., 7 NY3d 152, 157 [2006]; Murphy v Kuhn, 90 NY2d 266, 270 [1997]; Core-Mark Intl. v Swett & Crawford Inc., 71 AD3d 1072 [2010]; Verbert v Garcia, 63 AD3d 1149 [2009]). Absent a specific request for coverage not already in a client's policy or the exis-

tence of a special relationship with the client, an insurance agent or broker has no continuing duty to advise, guide, or direct a client to obtain additional coverage (*see Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d at 157-158; *Murphy v Kuhn*, 90 NY2d at 270-271; *Verbert v Garcia*, 63 AD3d 1149 [2009]). A special relationship which gives rise to a duty to advise may exist, inter alia, where "there is a course of dealing over an extended period of time which would have put objectively reasonable insurance agents on notice that their advice was being sought and specially relied on" (*Murphy v Kuhn*, 90 NY2d at 272).

Here, the defendants made a prima facie showing of their entitlement to judgment as a matter of law by submitting evidence which established that the plaintiff did not specifically request that they procure construction management professional liability insurance coverage (*see Verbert v Garcia*, 63 AD3d 1149 [2009]; *Fremont Realty, Inc. v P & N Iron Works, Inc.*, 39 AD3d 586, 587 [2007]). Contrary to the Supreme Court's determination, however, the plaintiff's evidentiary submissions in opposition were sufficient to raise a triable issue of fact as to whether there was a course of dealing between the parties over an extended period of time which gave rise to a special relationship between them, such that the defendants would have been required to advise the plaintiff to obtain the subject coverage (*cf. Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d 152 [2006]; *Murphy v Kuhn*, 90 NY2d 266 [1997]). Accordingly, the defendants' motion for summary judgment should have been denied. Balkin, J.P., Eng, Belen and Lott, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32491(U).]**