# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**653**

**CA 11-00159**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, GREEN, AND GORSKI, JJ.

---

JULES R. OBOMSAWIN AND ROBBIN OBOMSAWIN,
DOING BUSINESS AS BEAVER CREEK CONSTRUCTION
SERVICES, PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

BAILEY, HASKELL & LALONDE AGENCY, INC., ALSO
KNOWN AS BAILEY AND HASKELL ASSOCIATES, INC.,
DEFENDANT-RESPONDENT.

---

GUSTAVE J. DETRAGLIA, JR., UTICA, FOR PLAINTIFFS-APPELLANTS.

KEIDEL, WELDON & CUNNINGHAM LLP, SYRACUSE (HOWARD S. KRONBERG OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (Norman
I. Siegel, A.J.), entered August 4, 2010. The order granted the
motion of defendant to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiffs own a small business that they operate
out of a barn on their residential property. Defendant procured
commercial general liability insurance coverage and supplemental
commercial inland marine insurance coverage for two pieces of heavy
equipment used for the business, and another insurance agent obtained
first-party property damage coverage for plaintiffs' personal and
business property. A fire thereafter destroyed the barn and its
contents, including the property of plaintiffs' customers. The loss
sustained by plaintiffs was not fully covered under the commercial
general liability or property damage policies, and they commenced this
action alleging negligence, breach of contract and negligent
misrepresentation based upon defendant's alleged failure to provide
appropriate advice with respect to their insurance needs and to secure
sufficient coverage for their business property and the property of
their customers.

Supreme Court properly granted defendant's motion seeking summary
judgment dismissing the complaint. "[A]n insurance agent's duty to
its customer is generally defined by the nature of the customer's
request for coverage" (*M & E Mfg. Co. v Frank H. Reis, Inc*., 258 AD2d
9, 11; *see Madhvani v Sheehan*, 234 AD2d 652, 654). "Absent a specific
request for coverage not already in a client's policy or the existence

of a special relationship with the client, an insurance agent or broker has no continuing duty to advise, guide[] or direct a client to obtain additional coverage" (*Loevner v Sullivan & Strauss Agency, Inc*., 35 AD3d 392, 393, *lv denied* 8 NY3d 808; *see Murphy v Kuhn*, 90 NY2d 266, 270; *Chaim v Benedict*, 216 AD2d 347). Here, defendant met its initial burden on the motion by submitting evidence establishing that plaintiffs never made a specific request for additional coverage and that the services it provided to plaintiffs did not give rise to a special relationship (*see Loevner*, 35 AD3d at 393; *M & E Mfg. Co.*, 258 AD2d at 12-13). The affidavit of plaintiff Robbin Obomsawin submitted in opposition to the motion is insufficient to raise a triable issue of fact (*see generally Loevner*, 35 AD3d at 393).

In view of our determination, we do not address the alternative ground upon which the court granted defendant's motion, i.e., that the action is time-barred.

Entered: June 10, 2011

Patricia L. Morgan
Clerk of the Court