■ Ann Marie Tierney, as Executrix of Angelina Trotta, Deceased, Respondent, v Leonard Girardi, M.D., et al., Defendants, and David B. Messinger, M.D., et al., Appellants. [927 NYS2d 331]—

In this medical malpractice action, plaintiff, as executrix of the estate of Angelina Trotta, alleges that defendants deviated from the standard of care by failing to administer an anticoagulant to the decedent upon her development of atrial fibrillation,

following heart surgery (cardiac catheterization), causing her to suffer a stroke, which led to her disability, and death at the age of 81. Preliminarily, we reject defendant Dr. Messinger's argument that he was not obligated to care for decedent once he finished performing the cardiocatheterization on her. Dr. Messinger continued to owe a duty of care because he established a doctor-patient relationship with decedent, consulted with her, her family, and the cardiologist concerning her treatment following the cardiocatheterization, and continued to monitor her condition (*see Cregan v Sachs*, 65 AD3d 101, 110 [2009]). We find, however, that defendants demonstrated, through the affidavits of their experts, their entitlement to judgment as a matter of law dismissing the complaint on the ground that the treatment provided to decedent by defendant doctors comported with good and accepted medical practice. For instance, defendants' experts opined that it was appropriate to treat the atrial fibrillation with certain medications because anticoagulation would have presented an inordinate risk of bleeding, given, among other things, the decedent's prior medical condition.

The burden shifted to plaintiff to demonstrate the existence of a triable issue of fact. The IAS court properly excused plaintiff's procedural oversights, including the untimely filing of her expert's affirmation, where there was no showing that plaintiff acted in bad faith or that the late filing prejudiced defendants, and where the court permitted defendants to respond to the supplementary affidavit (*see* CPLR 2001, 2004, 3101 [d] [1] [i]; *St. Hilaire v White*, 305 AD2d 209, 210 [2003]). Plaintiff's submissions raised a triable issue of fact as to whether defendants departed from the proper standard of care. Accordingly, defendants' motion for summary judgment was properly denied. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ. **[Prior Case History: 2010 NY Slip Op 31292(U).]**