■ Axis Construction Corp., Appellant, v O'Brien Agency, Inc., et al., Respondents. [929 NYS2d 869]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

An insurance agent or broker has a common-law duty to obtain requested coverage for a client within a reasonable amount of time, or to inform the client of the inability to do so (*see Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d 152, 157 [2006]; *Murphy v Kuhn*, 90 NY2d 266, 270 [1997]; *Core-Mark Intl. v Swett & Crawford Inc.*, 71 AD3d 1072 [2010]; *Verbert v Garcia*, 63 AD3d 1149 [2009]). Absent a specific request for coverage not already in a client's policy or the existence of a special relationship with the client, an insurance agent or broker has no continuing duty to advise, guide, or direct a client to obtain additional coverage (*see Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d at 157-158; *Murphy v Kuhn*, 90 NY2d at 270-271; *Verbert v Garcia*, 63 AD3d 1149 [2009]). A special relationship which gives rise to a duty to advise may exist, inter alia, where "there is a course of dealing over an extended period of time which would have put objectively reasonable insurance agents on notice that their advice was being sought and specially relied on" (*Murphy v Kuhn*, 90 NY2d at 272).

Here, the defendants made a prima facie showing of their entitlement to judgment as a matter of law by submitting evidence which established that the plaintiff did not specifically request that they procure construction management professional liability insurance coverage (*see Verbert v Garcia*, 63 AD3d 1149 [2009]; *Fremont Realty, Inc. v P & N Iron Works, Inc.*, 39 AD3d 586, 587 [2007]). Contrary to the Supreme Court's determination, however, the plaintiff's evidentiary submissions in opposition were sufficient to raise a triable issue of fact as to whether there was a course of dealing between the parties over

an extended period of time which gave rise to a special relationship between them, such that the defendants would have been required to advise the plaintiff to obtain the subject coverage (*cf. Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d 152 [2006]; *Murphy v Kuhn*, 90 NY2d 266 [1997]). Accordingly, the defendants' motion for summary judgment should have been denied.

The defendants' remaining contention is without merit. Balkin, J.P., Eng, Belen and Lott, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32491(U).]**