■ CARMEN CINTRON, Appellant, v MONTEFIORE MEDICAL CENTER, Respondent. [939 NYS2d 24]—

Defendant established its entitlement to summary judgment by showing that the treatment provided to plaintiff comported with good and accepted medical practice (*see e.g. Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Defendant submitted the affirmations of experts who concluded, based on the medical records and the deposition testimony of plaintiff and her treating doctors, that plaintiff's kidney disease was not caused by defendant's failure to discontinue certain medications prescribed to her to treat her rheumatoid arthritis. The experts opined that the low doses of medications did not contribute to the development of plaintiff's kidney disease, and they were timely discontinued to rule them out as potential causes of the disease (*see Tierney v Girardi*, 86 AD3d 447, 448 [2011]).

In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's expert failed to demonstrate that there was any correlation between the doses of medication prescribed for plaintiff and her kidney disease (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]). Moreover, plaintiff's affidavit, wherein she stated that she was not adequately advised in a timely manner of the necessity of a renal biopsy, was contradicted by her deposition testimony where she acknowledged that defendant appropriately and timely recommended and discussed with her a biopsy to diagnose the cause of her kidney disease, but she consistently refused the procedure. It is well established that "[a]ffidavit testimony that is obviously prepared in support of litigation that directly contradicts deposition testimony previously given is insufficient to defeat [a] motion for summary judgment" (*Beahn v New York Yankees Partnership*, 89 AD3d 589, 590 [2011]; *see Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [2000]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, Renwick, DeGrasse and Román, JJ.