▮ South Bay Cardiovascular Associates, P.C., Respondent, v SCS Agency, Inc., et al., Defendants/Third-Party Plaintiffs-Appellants. Travelers Indemnity Company of Connecticut, Third-Party Defendant-Respondent. [963 NYS2d 688]—

In an action, inter alia, to recover damages for negligence and breach of fiduciary duty, the defendants/third-party plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Suffolk County (Emerson, J.), dated January 19, 2012, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against the defendant/third-party plaintiff SCS Agency, Inc., and for summary judgment on the third-party complaint, and granted that branch of the motion of the third-party defendant which was for summary judgment dismissing the cause of action in the third-party complaint seeking contractual indemnification, and (2) a judgment of the same court entered April 16, 2012, as is in favor of the third-party defendant and against them dismissing the cause of action in the third-party complaint seeking contractual indemnification.

Ordered that the appeal from so much of the order as granted that branch of the motion of the third-party defendant which was for summary judgment dismissing the cause of action in the third-party complaint seeking contractual indemnification is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff and to the third-party defendant payable by the defendants third-party plaintiffs.

The appeal from so much of the intermediate order as granted that branch of the motion of the third-party defendant which was for summary judgment dismissing the cause of action in the third-party complaint seeking contractual indemnification must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The facts of this case are undisputed. The plaintiff, South Bay Cardiovascular Associates, P.C. (hereinafter South Bay), purchased, inter alia, commercial insurance policies covering property and liability through its insurance agent, the defendant SCS Agency, Inc. (hereinafter SCS). Beginning in 2001, the defendant Michael Schmurr, a partner in SCS, handled the South Bay account. The policy was purchased from the third-party defendant, Travelers Indemnity Company of Connecticut (hereinafter Travelers). The agency contract between SCS and Travelers included an indemnity provision whereby Travelers agreed to indemnify SCS for liability arising out of, among other things, the failure of a policyholder to receive notice affecting coverage.

In the South Bay insurance policies which were in effect from 2002 through November 2005, the policy coverage limit for employee dishonesty was $250,000. However, in 2005, Travelers merged with another insurance company and made changes to its commercial liability policies. Among the changes was the reduction of the coverage for employee dishonesty to a limit of $25,000. In August 2005, Travelers sent to South Bay an 11-page notice indicating the relevant policy changes. During discovery, the South Bay employee who was responsible for insurance coverage at the relevant time admitted that South Bay received the August 2005 document from Travelers. However, the employee also stated that she did not read the document, but instead relied upon SCS to inform her about "anything that I needed to know, any change [or] updated information."

South Bay's policies were renewed for the November 2005 through November 2006 term. In August 2006, South Bay discovered that one of its employees had misappropriated funds

over the course of several years. It submitted a claim to Travelers and learned that the coverage for employee dishonesty was limited to $25,000. In October 2007, South Bay agreed to release Travelers in exchange for a $25,000 payment under the policy. South Bay then commenced this action against SCS and Schmurr (hereinafter together the SCS defendants) alleging negligence, breach of contract, and breach of fiduciary duty, on the ground that the SCS defendants failed to inform South Bay of the change in coverage for employee dishonesty. Thereafter, the SCS defendants commenced a third-party action against Travelers seeking contractual and common-law indemnification.

Travelers moved for summary judgment dismissing the third-party complaint. The SCS defendants moved for summary judgment on the third-party complaint, asserting, inter alia, that the August 2005 notice that Travelers sent was ineffective because it failed to comply with Insurance Law § 3426 (e). The SCS defendants also moved for summary judgment dismissing the complaint on the grounds that, because the notice sent by Travelers was ineffective, the policy renewed with the higher limit of $250,000 for employee dishonesty, that South Bay's loss was the result of its own decision to accept a $25,000 settlement, and that, since South Bay admitted to receiving the August 2005 notice of revisions, it knew of the change to coverage for employee dishonesty made by Travelers. The Supreme Court granted Travelers' motion, and granted that branch of the motion of the SCS defendants which was for summary judgment dismissing the complaint insofar as asserted against Schmurr. The court denied that branch of the motion of the SCS defendants which was for summary judgment dismissing the complaint insofar as asserted against SCS, finding that there existed a triable issue of fact as to whether the SCS defendants had a special relationship with South Bay. Judgment was entered in favor of Schmurr, dismissing the complaint and severing the action insofar as asserted against him, and in favor of Travelers, dismissing the third-party complaint.

The Supreme Court properly denied that branch of the motion of the SCS defendants which was for summary judgment dismissing the complaint insofar as asserted against SCS. "While it is certainly better practice for an insured to read its policy, an insured should have the right 'to look to the expertise of its broker with respect to insurance matters' " (*American Bldg. Supply Corp. v Petrocelli Group, Inc.*, 19 NY3d 730, 736 [2012], quoting *Baseball Off. of Commr. v Marsh & McLennan*, 295 AD2d 73, 82 [2002]). Additionally, where the insured relied on the expertise of the agent, or there was a course of dealing

over an extended period of time which would have put objectively reasonable insurance agents on notice that their advice was being sought and specially relied on, the agent could be found to have a duty to advise because of a special relationship with the insured (see *Murphy v Kuhn*, 90 NY2d 266, 272-273 [1997]; see also *Nunez v Mohamed*, 104 AD3d 921 [2013]; *Axis Constr. Corp. v O'Brien Agency, Inc.*, 87 AD3d 1092 [2011]).

Contrary to the SCS defendants' contention, under the circumstances of this case, they did not establish SCS's prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. Although the SCS defendants established that South Bay received the notice of revisions and the renewal policy, there is a triable issue of fact as to whether the SCS defendants had a special relationship with South Bay. The record contains evidence that there was a course of dealing over an extended period of time that gave rise to a special relationship between South Bay and the SCS defendants. As noted, there was testimony that the South Bay employee did not read the policies she received, but instead relied on guidance from Schmurr. In fact, in her affidavit submitted in opposition to SCS's motion, this employee stated that Schmurr told her that he "did not expect her to read the insurance policies" purchased for South Bay. In addition, the employee stated that she had no special training in procuring insurance and that she did not choose coverage on her own. Accordingly, the Supreme Court properly denied that branch of the motion of the SCS defendants which was for summary judgment dismissing the complaint insofar as asserted against SCS (see *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Financial Servs. Veh. Trust v Saad*, 98 AD3d 1077 [2012]).

The Supreme Court also properly granted that branch of Travelers' motion which was for summary judgment dismissing the cause of action in the third-party complaint seeking contractual indemnification. A contract to provide indemnity is strictly construed to avoid reading into it a duty which the parties did not intend to be assumed (see *Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412, 417 [2006]). Here, Travelers demonstrated its entitlement to judgment as a matter of law dismissing the cause of action seeking contractual indemnification. The indemnification provision in the contract between SCS and Travelers unambiguously applies upon "[f]ailure of a policyholder to receive notice . . . affecting coverage . . . where [Travelers] send[s] notices directly to the policyholder." As Travelers sent the notice of revisions directly to South Bay, and South Bay actually received the notice of revisions, which notice

informed South Bay of changes affecting coverage, the duty to indemnify was not triggered. In opposition, the SCS defendants failed to raise a triable issue of fact.

The parties' remaining contentions are either improperly raised for the first time on appeal or without merit. Dillon, J.P., Balkin, Austin and Sgroi, JJ., concur.