In an action for a judgment declaring, inter alia, that the defendant Nationwide Property and Casualty Insurance Co. is obligated to indemnify the plaintiffs in an underlying personal injury action entitled Yoshiyasu Tago v Maxwell Plumbing Mech. Corp., pending in the Supreme Court, New York County, under index No. 107643/09, the plaintiffs appeal, and the defendant Yoshiyasu Tago separately appeals, as limited by their respective briefs, from so much an order of the Supreme Court, Queens County (Weiss, J.), dated May 14, 2012, as denied the plaintiffs’ motion, joined by the defendant Yoshiyasu Tago, for summary judgment declaring that the defendant Nationwide Property and Casualty Insurance Co. is obligated to defend and indemnify the plaintiffs in the underlying action, and granted the cross motion of the defendants Nationwide Property and Casualty Insurance Co. and Robert L. Ginsberg for summary judgment, in effect, declaring that Nationwide Property and Casualty Insurance Co. is not obligated to defend and indemnify the plaintiffs in the underlying action and that Robert L. Ginsberg is not obligated to indemnify the plaintiffs in the underlying action.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents payable by the appellants appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that Nationwide Property and Casualty Insurance Co. is not obligated to defend and indemnify the plaintiffs in the underlying action and that Robert L. Ginsberg is not obligated to indemnify the plaintiffs in the underlying action.
*741 The Supreme Court properly determined that the defendant Nationwide Casualty Insurance Co. (hereinafter Nationwide) is entitled to a judgment declaring that it is not obligated to defend and indemnify the plaintiffs in the underlying action. In support of its cross motion, the defendant Nationwide established, prima facie, that neither of its two policies issued to the plaintiffs provided coverage for motor vehicle accidents at the relevant time. In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs’ contention, the plaintiffs failed to submit evidence showing that a policy exclusion page was omitted from either policy. Further, both of the subject policies specifically and unambiguously excluded coverage for automobile accidents, as noted by the Supreme Court. Moreover, although Nationwide did not issue a timely disclaimer of coverage under the general liability policy (see Insurance Law § 3420 [d]), it was not required to timely disclaim coverage under that policy, as its denial of coverage was based on the lack of coverage, rather than on a policy exclusion (see State Farm Fire & Cas. Co. v Raabe, 100 AD3d 738, 739 [2012]; Hasbani v Nationwide Mut. Ins. Co., 98 AD3d 563, 564 [2012]; Hargob Realty Assoc., Inc. v Fireman’s Fund Ins. Co., 73 AD3d 856, 858 [2010]).
The Supreme Court also properly determined that Ginsberg is entitled to a judgment declaring that he is not obligated to indemnify the plaintiffs in the underlying action. “An insurance agent or broker has a common-law duty to obtain requested coverage for a client within a reasonable amount of time or to inform the client of the inability to do so” (Loevner v Sullivan & Strauss Agency, Inc., 35 AD3d 392, 393 [2006]; see Murphy v Kuhn, 90 NY2d 266, 270 [1997]). This “duty is defined by the nature of the client’s request” (Loevner v Sullivan & Strauss Agency, Inc., 35 AD3d at 393; see Kyes v Northbrook Prop. & Cas. Ins. Co., 278 AD2d 736, 737 [2000]; Empire Indus. Corp. v Insurance Cos. of N. Am., 226 AD2d 580, 581 [1996]). “Absent a specific request for coverage not already in a client’s policy or the existence of a special relationship with the client, an insurance agent or broker has no continuing duty to advise, guide, or direct a client to obtain additional coverage” (Loevner v Sullivan & Strauss Agency, Inc., 35 AD3d at 393). Here, Ginsberg, a Nationwide insurance agent who sold the plaintiff Maxwell Plumb Mechanical Corporation the subject policies of insurance, established, prima facie, that the plaintiffs did not specifically request automobile coverage, either in connection with their initial 2003 insurance applications, or in connection with subsequent renewal applications. In opposition, the plaintiffs failed to raise a triable issue of fact as to these matters or with *742 respect to the existence of a “special relationship” giving rise to a continuing duty to provide advice.
Accordingly, the Supreme Court properly denied the plaintiffs’ motion, joined in by the defendant Yoshiyasu Tago, for summary judgment declaring that Nationwide is obligated to defend and indemnify the plaintiffs in the underlying action, and properly granted the cross motion of Nationwide and Ginsberg for summary judgment, in effect, declaring that Nationwide is not obligated to defend and indemnify the plaintiffs in the underlying action and that Ginsberg is not obligated to indemnify the plaintiffs in the underlying action.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment declaring that Nationwide is not obligated to defend and indemnify the plaintiffs in the underlying action and that Ginsberg is not obligated to indemnify the plaintiffs in the underlying action (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Rivera, J.P., Lott, Roman and Hinds-Radix, JJ., concur.