■ HANS RICHARD LEHNEIS, JR., Appellant, v KATHLEEN NEILL, CFP, et al., Respondents. [986 NYS2d 602]—

In an action, inter alia, to recover damages for breach of contract and negligence, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated August 16, 2012, which granted the separate motions of the defendant Kathleen Neill and the defendant Bay Harbour Insurance Agency, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs.

On July 7, 2004, the plaintiff's wife was in a motor vehicle accident that gave rise to a personal injury action against the plaintiff, which resulted in an $800,000 settlement paid by the plaintiff. At the time of the accident, the plaintiff had automobile liability insurance coverage of $100,000 per claimant.

The plaintiff commenced this action against certified financial planner Kathleen Neill and Bay Harbour Insurance Agency, Inc.

(hereinafter Bay Harbour), who allegedly served as the plaintiff's insurance brokers from 1985 to 2007. The plaintiff alleged, inter alia, that the defendants negligently, and in breach of contract, failed to attempt to secure umbrella insurance on his behalf, which he had requested, or to inform him that he could have acquired umbrella insurance from a different broker. Neill and Bay Harbour separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted their motions.

" '[I]nsurance agents have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so' " (*American Bldg. Supply Corp. v Petrocelli Group, Inc.*, 19 NY3d 730, 735 [2012] quoting *Murphy v Kuhn*, 90 NY2d 266, 270 [1997]). However, "[a]bsent a specific request for coverage not already in a client's policy or the existence of a special relationship with the client, an insurance agent or broker has no continuing duty to advise, guide, or direct a client to obtain additional coverage" (*Axis Constr. Corp. v O'Brien Agency, Inc.*, 87 AD3d 1092, 1093 [2011], citing *Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d 152, 157-158 [2006]). A special relationship may exist where " 'there is a course of dealing over an extended period of time which would have put objectively reasonable insurance agents on notice that their advice was being sought and specially relied on' " (*Axis Constr. Corp. v O'Brien Agency, Inc.*, 87 AD3d at 1093, quoting *Murphy v Kuhn*, 90 NY2d at 272). This notice may be established through evidence that the broker received compensation for its insurance advice apart from the payment of premiums, that the client delegated his or her insurance decision making to the broker, or that there was some interaction regarding a question of coverage with the insured relying on the expertise of the agent (*see Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d at 158; *see also Sawyer v Rutecki*, 92 AD3d 1237, 1237-1238 [2012]; *Core-Mark Intl. v Swett & Crawford Inc.*, 71 AD3d 1072, 1073 [2010]).

Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence that they informed the plaintiff that they could not provide him with the umbrella insurance policy that he requested. The defendants also demonstrated that there was no special relationship between the parties. In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's expert and the plaintiff's own affidavit were insufficient to raise a triable issue of fact (*see Cintron v Montefiore Med. Ctr.*, 92 AD3d 540 [2012]; *Beahn v New York Yankees Partnership*, 89 AD3d

589, 590 [2011]; *Brady v Bisogno & Meyerson*, 32 AD3d 410 [2006]).

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Rivera, J.P., Chambers, Austin and Duffy, JJ., concur. ■