■ MOUTAFIS MOTORS, LTD., Doing Business as PRESTIGIOUS MOTORS, Appellant, v MRW GROUP, INC., Respondent, et al., Defendant. [41 NYS3d 740]—

In an action to recover damages for breach of contract and negligence, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated October 21, 2014, which granted the motion of the defendant MRW Group, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff, an automobile dealership, retained the defendant MRW Group, Inc. (hereinafter the defendant), an insurance broker, to procure an insurance policy to cover its inventory of vehicles. The defendant procured a policy providing such coverage at limits of $500,000 for any one loss and $40,000 for any one unit. The plaintiff thereafter suffered a total loss of one of its vehicles, allegedly valued at over $252,000. The plaintiff commenced this action to recover damages for breach of contract and negligence, allegedly arising from the defendant's failure to procure adequate insurance coverage for the plaintiff's inventory. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court granted the motion.

"As a general principle, insurance brokers 'have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so' " (*Voss v Netherlands Ins. Co.*, 22 NY3d 728, 734 [2014], quoting *American Bldg. Supply Corp. v Petrocelli Group, Inc.*, 19 NY3d 730, 735 [2012]; *see Murphy v Kuhn*, 90 NY2d 266, 270 [1997]; *Reilly v Progressive Ins. Co.*, 288 AD2d 365 [2001]). "Absent a specific request for coverage not already in a client's policy or the existence of a special relationship with the client, an insurance agent or broker has no continuing duty to advise, guide, or direct a client to obtain additional coverage" (*Axis Constr. Corp. v O'Brien Agency, Inc.*, 87 AD3d 1092, 1093 [2011]).

Here, the defendant established, prima facie, that the plaintiff did not make a specific request for any particular kind or amount of additional insurance coverage for its inventory of vehicles (*see Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d 152, 157 [2006]; *Loevner v Sullivan & Strauss Agency, Inc.*, 35 AD3d 392, 393 [2006]). At most, the plaintiff made a general request for additional insurance coverage, which does not satisfy the requirement of a specific request for coverage (*see American Bldg. Supply Corp. v Petrocelli Group, Inc.*, 19 NY3d at 735; *Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d at 157-158; *Empire Indus. Corp. v Insurance Cos. of N. Am.*, 226 AD2d 580, 581 [1996]; *Chaim v Benedict*, 216 AD2d 347, 347 [1995]). In opposition to this showing, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In addition, the plaintiff failed to raise a triable issue of fact as to whether it had a special relationship with the defendant. "Where a special relationship develops between the broker and client, [the] broker may be liable, even in the absence of a

specific request, for failing to advise or direct the client to obtain additional coverage" (*Voss v Netherlands Ins. Co.*, 22 NY3d at 734-735). Although the plaintiff had a course of dealing with the defendant for approximately 11 years, a lengthy relationship is not enough to demonstrate a special relationship (*see Murphy v Kuhn*, 90 NY2d at 271). Furthermore, the plaintiff did not offer any evidence which would suffice to distinguish its relationship with the defendant from the typical broker-customer relationship (*see Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d at 158; *Murphy v Kuhn*, 90 NY2d at 271; *Duratech Indus., Inc. v Continental Ins. Co.*, 21 AD3d 342, 345 [2005]).

In light of our determination, we need not reach the parties' remaining contentions.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.