Spa Castle, Inc. v Choice Agency Corp. (2025 NY Slip Op 04676)

Spa Castle, Inc. v Choice Agency Corp.

2025 NY Slip Op 04676

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LILLIAN WAN
PHILLIP HOM, JJ.

2023-08451
 (Index No. 705293/19)

[*1]Spa Castle, Inc., et al., respondents, 
v
Choice Agency Corp., defendant, Solomon Agency Corp., appellant.

Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, Farmingdale, NY (Kyle M. Mitchell of counsel), for appellant.
Law Offices of Jonathan Y. Sue, PLLC (Joshua Annenberg, New York, NY, of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Solomon Agency Corp. appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered June 30, 2023. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Solomon Agency Corp. for summary judgment dismissing the compliant insofar as asserted against it is granted.
In March 2019, the plaintiffs commenced this action against the defendant Solomon Agency Corp. (hereinafter the defendant), an insurance broker, and another defendant, alleging, among other things, that the defendant failed to procure appropriate insurance coverage for the plaintiffs. Following motion practice, the Supreme Court dismissed several causes of action pursuant to CPLR 3211(a)(5) as time-barred, leaving only a cause of action to recover damages for breach of contract against the defendant. Subsequently, the defendant moved for summary judgment dismissing the complaint insofar as asserted against it. In an order entered June 30, 2023, the court denied the motion, and the defendant appeals.
"As a general principle, insurance brokers have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so" (Voss v Netherlands Ins. Co., 22 NY3d 728, 734 [internal quotation marks omitted]; see Moutafis Motors, Ltd. v MRW Group, Inc., 144 AD3d 1000, 1001). "Absent a specific request for coverage not already in a client's policy or the existence of a special relationship with the client, an insurance agent or broker has no continuing duty to advise, guide, or direct a client to obtain additional coverage" (Axis Constr. Corp. v O'Brien Agency, Inc., 87 AD3d 1092, 1093; see Moutafis Motors, Ltd. v MRW Group, Inc., 144 AD3d at 1001).
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting, inter alia, transcripts of [*2]the deposition testimony of the plaintiffs' CEO and president and the defendant's vice president of operations, which demonstrated that the plaintiffs did not make a specific request for a particular kind of insurance coverage that the defendant failed to procure (see Moutafis Motors, Ltd. v MRW Group, Inc., 144 AD3d at 1001; Axis Constr. Corp. v O'Brien Agency, Inc., 87 AD3d at 1093). The plaintiffs' CEO and president testified, among other things, that he did not remember discussing specific risks that the plaintiffs were seeking to insure against, but that the plaintiffs needed general liability insurance. The defendant's vice president of operations testified that the plaintiffs' application was for general liability insurance, which the record reflects is the kind of insurance the defendant procured for the plaintiffs. In opposition, the plaintiffs failed to raise a triable issue of fact (see Moutafis Motors, Ltd. v MRW Group, Inc., 144 AD3d at 1001).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
BARROS, J.P., WARHIT, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court