■ BENJAMIN SHAPIRO REALTY COMPANY, LLC, Appellant, v KEMPER NATIONAL INSURANCE COMPANIES et al., Respondents. [756 NYS2d 45] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about January 25, 2002, which, inter alia, granted the motion of defendant Tanenbaum-Harber Co. for summary judgment dismissing the complaint as against it, and denied plaintiff's cross motion for leave to serve a second amended complaint alleging additional causes of action against Tanenbaum-Harber Co., unanimously affirmed, without costs.

The motion court properly held that defendant Tanenbaum-Harber Co., the insurance broker of plaintiff landlord's tenant, was under no duty to plaintiff and, accordingly, was not liable to plaintiff for negligent misrepresentation or negligence by reason of Tanenbaum's issuance of certificates of insurance representing that the tenant's insurance policy, naming plaintiff as an additional insured, contained rental coverage insurance for plaintiff's benefit, even though such coverage was not included in the policy. Plaintiff and Tanenbaum had no contractual relationship and the fact that plaintiff had contact with Tanenbaum in the course of obtaining the certificates of

insurance did not give rise to the sort of relationship, i.e., one approaching that of privity, requisite to the imposition of liability for negligent misrepresentation (*see Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536 [1985]). Moreover, where, as here, certificates of insurance contain disclaimers that they are for information only, they may not be used as predicates for a claim of negligent misrepresentation (*see St. George v W.J. Barney Corp.*, 270 AD2d 171 [2000]; *see also American Ref-Fuel Co. of Hempstead v Resource Recycling*, 248 AD2d 420, 423 [1998]). Nor was any triable issue presented as to whether plaintiff had enforceable rights as a third-party beneficiary of a contract between the tenant and Tanenbaum.

Since the causes that plaintiff sought to add against Tanenbaum were plainly without merit, the motion court properly denied plaintiff's cross motion for leave to serve a second amended complaint (*see Koss v Board of Trustees of Fashion Inst. of Tech.*, 281 AD2d 200 [2001]). Concur—Mazzarelli, J.P., Andrias, Saxe, Ellerin and Williams, JJ.