■ GREATER NEW YORK MUTUAL INSURANCE COMPANY, Appellant-Respondent, v WHITE KNIGHT RESTORATION, LTD., et al., Respondents-Appellants, and LEVITT-FUIRST ASSOCIATES, LTD., et al., Respondents, et al., Defendant. GREATER NEW YORK MUTUAL INSURANCE COMPANY, Appellant, v WHITE KNIGHT RESTORATION, LTD., et al., Defendants, and R.A.S. CONTRACTING CORP. et al., Respondents. [776 NYS2d 257]—

Judgment, Supreme Court, New York County (Charles Edward Ramos, J.), entered May 29, 2003, dismissing the complaint, all cross claims and all counterclaims, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered June 11 and December 19, 2002, and February 19, 2003, unanimously dismissed, without costs, as subsumed in the appeals from the judgment. Appeal by defendant White Knight Restoration unanimously dismissed, without costs, as abandoned.

In this action seeking, inter alia, damages for failure to procure coverage naming the property owner and the contractor as additional insureds, and for producing certificates of insurance that incorrectly indicated they had been so named, summary judgment was properly granted to the subcontractor's insurance broker, defendant Levitt-Fuirst Associates, dismissing the claims for breach of contract and negligence, since the broker was under no duty to the property owner and contractor (*see Federal Ins. Co. v Spectrum Ins. Brokerage Servs.*, 304 AD2d 316, 317 [2003]). Regardless of whether the broker acted recklessly, the causes of action for fraud and negligent misrepresentation, based on the inaccurate certificates, were properly dismissed because it was unreasonable to rely on them for coverage in the face of their disclaimer language and, with respect to the negligent misrepresentation claim, because of the absence of a relationship approximating privity (*see Benjamin Shapiro Realty Co. v Kemper Natl. Ins. Cos.*, 303 AD2d 245 [2003], *lv denied* 100 NY2d 573 [2003]). In view of the foregoing, it is unnecessary to address the parties' other contentions with regard to these claims.

In clarifying its initial order, the motion court properly dismissed the claims against R.A.S., since plaintiff was covered by its own policy and failed to allege any recoverable loss (*see Inchaustegui v 666 5th Ave. Ltd. Partnership*, 96 NY2d 111 [2001]).

Further discovery would not have assisted plaintiff in opposing Liberty Mutual's motion for summary judgment. The claim for reformation of the policy was properly dismissed since it was not substantiated by the requisite high order of proof (*see New York First Ave. CVS v Wellington Tower Assoc.*, 299 AD2d 205

[2002], *lv denied* 100 NY2d 505 [2003]). Concur—Nardelli, J.P., Saxe, Williams and Friedman, JJ.