■ LON SILVERS, as Administrator of the Estate of RALPH SILVERS, Deceased, Appellant-Respondent, v STATE OF NEW YORK et al., Respondents-Appellants. [893 NYS2d 12]—

Claimant insurance broker seeks recoupment of money from defendant State Insurance Fund (SIF) that he was compelled to pay one of his clients after it was determined that he had negligently failed to obtain workers' compensation insurance for that entity's out-of-state employees (*see Electronic Servs. Intl. v Silvers*, 284 AD2d 367 [2001], *lv dismissed* 97 NY2d 700 [2002], *lv denied* 99 NY2d 508 [2003]). Although SIF has never sold out-of-state coverage, claimant maintains that one of SIF's field representatives advised him that the policy that he had acquired on behalf of his client would cover its out-of-state employees, and the Court of Claims found the existence of triable issues of fact precluding summary judgment to either side. However, in the absence of any evidence that this field representative was authorized to speak for SIF with respect to coverage for out-of-state employees, any statement on his part is not an admission that can be received in evidence against the principal (*see Loschiavo v Port Auth. of N.Y. & N. J.*, 58 NY2d 1040 [1983]; *Aquino v Kuczinski, Vila & Assoc., P.C.*, 39 AD3d 216, 221 [2007]).

Furthermore, even assuming that such field representative could bind SIF by his statements to claimant, any reliance by claimant upon the representative's purported misrepresentations was unreasonable as a matter of law. "A claim for negligent misrepresentation requires the [claimant] to demonstrate (1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the [claimant]; (2) that the information was incorrect; and (3) reasonable reliance on the information" (*J.A.O. Acquisition Corp. v Stavitsky*, 8 NY3d 144, 148 [2007]). Here, apart from the fact that the arm's length business relationship, such as that between claimant and the field representative, is not generally considered to be of the sort of a confidential or fiduciary nature that would support a cause of action for negligent misrepresentation (*see e.g. Dobroshi v Bank of Am., N.A.*, 65 AD3d 882, 884 [2009]), claimant, as a sophisticated insurance broker, is unable to show any reasonable reliance upon the representative's alleged misrepresentations inasmuch as a broker is presumed to have read, and have knowledge of, the insurance

policy that is being procured on behalf of the insured (*see Western Bldg. Restoration Co., Inc. v Lovell Safety Mgt. Co., LLC*, 61 AD3d 1095, 1100 [2009]; *Greater N.Y. Mut. Ins. Co. v White Knight Restoration*, 7 AD3d 292 [2004]). Concur—Mazzarelli, J.P., Catterson, Moskowitz, Richter and Manzanet-Daniels, JJ.