15-51 (L), 15-129 (Con)
Bandler v. BPCM NYC, Ltd.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand sixteen.**

PRESENT:
   ROBERT A. KATZMANN,
      *Chief Judge,*
   AMALYA L. KEARSE,
      *Circuit Judge*,
   GREGORY H. WOODS,[*]
      *District Judge*.

_____

MICHAEL BANDLER, MB & CO. LTD., dba
Michael Bandler and Company,

   *Plaintiffs-Counterclaim
   Defendants-Appellants-Cross-
   Appellees*,

   v.                                                                 15-51 (L),
                                                                      15-129 (Con)

BPCM NYC, LTD., BPCM WORLDWIDE, LTD.,
BPCM LA, LTD., BLUE STRIPE, LTD., CARRIE
ELLEN PHILLIPS, VANESSA VON BISMARCK,
ALI FROLEY, LAURA WOODWARD,

   *Defendants-Counterclaimants-
   Appellees-Cross-Appellants.*[†]

_____

[*] The Honorable Gregory H. Woods, of the United States District Court for the Southern District of New York, sitting by designation.

[†] The Clerk of Court is directed to amend the caption as indicated above.

FOR PLAINTIFFS-COUNTERCLAIM
DEFENDANTS-APPELLANTS-CROSS-
APPELLEES:

Michael Bandler, filed a brief pro se, Quechee, Vermont.
JEFFREY S. ETTENGER (Jennifer B. Ettenger, Melville, New York, *on the brief* for MB & Co. Ltd.), Lee A. Schwartz & Associates, PLLC, Melville, New York.

FOR DEFENDANTS-COUNTERCLAIMANTS-
APPELLEES-CROSS-APPELLANTS:

JOSHUA KRAKOWSKY (Larry Hutcher, *on the brief*), Davidoff Hutcher & Citron LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Michael Bandler, who filed a brief pro se, and MB & Co. Ltd., through counsel, appeal from so much of the final judgment as granted defendants' motion for partial summary judgment on plaintiffs' claims for breach of contract, conversion, and civil conspiracy. BPCM NYC and related entities ("BPCM") cross-appeal the denial of their motion for sanctions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, Bandler moves for leave to file an amended brief or, alternatively, for the Court to consider arguments raised for the first time in his reply brief, and to file an untimely reply declaration in support of this motion. We grant Bandler's motion to file an untimely reply declaration in support of his motion, but we deny the motion for leave to file an amended brief or

2

for consideration of arguments raised for the first time in his reply brief, because consideration of such belated arguments would prejudice BPCM. *Cf. Harris v. Albany Cty. Office (In re Harris)*, 464 F.3d 263, 268 n.3 (2d Cir. 2006).

We review de novo an order granting summary judgment, *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004), which shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law," Fed. R. Civ. P. 56(a). When the opposing party bears the burden of proof at trial, summary judgment should be granted if the moving party "can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). The court draws all inferences in favor of the nonmovant, but, "[w]here the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)). We review a district court's denial of sanctions for abuse of discretion. *Perez v. Posse Comitatus*, 373 F.3d 321, 326 (2d Cir. 2004).

Upon review, we conclude that the district court properly granted BPCM partial summary judgment and did not abuse its discretion in denying BPCM's motion for sanctions. We affirm for substantially the reasons stated by the district court in its September 29, 2014 order. We have considered all of the parties' arguments for reversal and find them to be without merit.

We grant BPCM's motion for the costs of the supplemental appendix because Bandler did not comply with Rule 30(b) of the Federal Rules of Appellate Procedure and the material in the

3

supplemental appendix was relevant.  For the same reasons, we deny Bandler's motion for sanctions.

Accordingly, we **AFFIRM** the judgment of the district court, **DENY** Bandler's motions to amend his brief and for sanctions, and **GRANT** Bandler's motion to file an untimely reply and BPCM's motion for costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk