Gibson & Cushman Contr., LLC v Cook Maran & Assoc., Inc. (2020 NY Slip Op 03409)





Gibson & Cushman Contr., LLC v Cook Maran & Assoc., Inc.


2020 NY Slip Op 03409


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-09620
 (Index No. 615461/16)

[*1]Gibson & Cushman Contracting, LLC, et al., appellants,
v
Cook Maran & Associates, Inc., respondent.


Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for appellants.
Keidel, Weldon & Cunningham, LLP, White Plains, NY (Howard S. Kronberg of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of a brokerage agreement and negligence, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated July 27, 2017. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint is denied.
The commonly owned and managed plaintiffs are engaged in the marine and heavy highway construction business. The defendant is a New York State licensed insurance broker.
The complaint alleged that, in or around February 2015, the plaintiffs hired the defendant to act as their insurance broker to obtain commercial general liability insurance policies for each of them for the period of March 26, 2015, through March 25, 2016. The "[p]laintiffs specifically requested, and defendant specifically agreed to secure commercial insurance policies whereby the premiums paid by plaintiffs were based on and calculated off of a percentage of gross revenue during the policy period for each of the plaintiffs."
Subsequently, the defendant procured identical commercial general liability insurance policies for each of the plaintiffs, effective from March 25, 2015, to March 25, 2016. The plaintiffs did not receive the actual insurance polices until early September 2015.
In alleged breach of the agreement between the plaintiffs and the defendant, "the insurance policies indicate that plaintiffs are required to pay a minimum insurance premium regardless of their gross revenue for the policy period." The "minimum premium due and payable [is] based on estimated gross revenues [as previously determined by the plaintiffs prior to the policy period], without an adjustment for actual gross revenues as determined by an audit." Ultimately, the insurer agreed to extend the subject policies for an additional six months until September 2016.
In September 2016, the plaintiffs commenced this action to recover damages for breach of the brokerage agreement and negligence. In both causes of action, the plaintiffs alleged damages totaling the difference between "the premium paid based on estimated gross revenue minus the premium due under the agreement based on actual gross revenue."
The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, arguing that the plaintiffs, by agreeing to the aforementioned six-month extension of the subject policies, in fact agreed to a modification of the policies ab initio and accepted the "minimum earned premium provision" as a negotiated term and/or ratified the defendant's procurement of policies with a minimum earned premium provision, and thus, are estopped from claiming that they suffered any damages therefrom. In the alternative, the defendant argued that it satisfied its duty of obtaining the type of coverage requested by the plaintiffs, since they did not specifically ask the defendant not to procure coverage with a minimum earned premium provision. The Supreme Court granted the defendant's motion to dismiss the complaint. The plaintiffs appeal, and we reverse.
"An insurance agent or broker has a common-law duty to obtain requested coverage for a client within a reasonable amount of time, or to inform the client of the inability to do so. Thus, the duty is defined by the nature of the client's request" (Verbert v Garcia, 63 AD3d 1149, 1149 [citations omitted; emphasis added]; see Murphy v Kuhn, 90 NY2d 266, 270). Here, contrary to the defendant's contention that both the allegations in the complaint and the documentary evidence, including the subject insurance policies, submitted in support of dismissal establish that each of the plaintiffs received exactly what they asked for from the defendant—a commercial general liability insurance policy with a premium based on gross revenue—the complaint sufficiently alleges that the procured policies, both of which included a minimum earned premium provision, did not comport with the plaintiffs' request, and the documentary evidence does not conclusively establish otherwise.
Also contrary to the defendant's contention, neither the allegations in the complaint nor the documentary evidence submitted in support of dismissal establish that the plaintiffs agreed to a modification of the policies ab initio and accepted the minimum earned premium provision as a negotiated term and/or ratified the defendant's procurement of policies with a minimum earned premium provision. The plaintiffs alleged in the complaint essentially that the defendant assisted them with getting the insurer to extend the policy period so as to potentially mitigate some of their exposure via additional gross revenue. In that regard, while the written agreement confirming the foregoing extension includes the express proviso that the minimum earned premium provision still will apply, it cannot be said as a matter of law for the purpose of a motion to dismiss that, by agreeing to the foregoing extension, the plaintiffs were agreeing to a modification of the policies ab initio and accepting the minimum earned premium provision as a negotiated term and/or waiving their right to sue the defendant for having procured an allegedly incorrect policy to begin with, as opposed to simply attempting to mitigate their damages (see generally Matter of Levy, 69 AD3d 630, 632).
Based on the foregoing, the Supreme Court should have denied the defendant's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
AUSTIN, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court