Da Silva v Champ Constr. Corp. (2020 NY Slip Op 04379)





Da Silva v Champ Constr. Corp.


2020 NY Slip Op 04379


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2017-10174
 (Index No. 506852/13)

[*1]Devair Da Silva, plaintiff, 
v
Champ Construction Corp., defendant third-party plaintiff-appellant, et al., respondents; A. Logan Insurance Brokerage, et al., third-party defendants-respondents.


Kushnick Pallaci PLLC, Bohemia, NY (Vincent T. Pallaci and Jeffrey A. Lhuillier of counsel), for defendant third-party plaintiff-appellant.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Christopher Russo of counsel), for third-party defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, and a third-party action, inter alia, to recover damages for breach of contract, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated September 11, 2017. The order, insofar as appealed from, denied those branches of its motion which were for summary judgment on the issue of liability on the third-party causes of action to recover damages for breach of contract, negligence, and fraud, and granted those branches of the third-party defendants' cross motion which were for summary judgment dismissing those third-party causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in a construction-site accident that occurred on August 14, 2013. The amended complaint alleged, inter alia, violations of Labor Law §§ 200, 240, and 241(6). At the time of the accident, the plaintiff was employed by the defendant Champ Construction Corp. (hereinafter Champ Construction).
Champ Construction commenced a third-party action against an insurance broker, A. Logan Insurance Brokerage (hereinafter Logan), and Scott Handwerger, its principal (hereinafter together the third-party defendants). Champ Construction alleged that Handwerger, on behalf of Logan, had agreed to procure workers' compensation coverage for the construction project, yet failed to do so.
Champ Construction moved, inter alia, for summary judgment on the third-party causes of action to recover damages for breach of contract to procure insurance, negligent failure to procure insurance, and fraud relating to the failure to procure insurance. The third-party defendants cross-moved, inter alia, for summary judgment dismissing those third-party causes of action. In an order dated September 11, 2017, the Supreme Court, inter alia, denied those branches of Champ Construction's motion which were for summary judgment on the third-party causes of action to [*2]recover damages for breach of contract to procure insurance, negligent failure to procure insurance, and fraud relating to the failure to procure insurance, and granted those branches of the third-party defendants' cross motion which were for summary judgment dismissing those third-party causes of action. Champ Construction appeals.
An insurance broker may be held liable under theories of breach of contract or negligence for failing to procure insurance upon a showing by the insured that the agent or broker failed to discharge the duties imposed by the agreement to obtain insurance, either by proof that it breached the agreement or because it failed to exercise due care in the transaction (see Siekkeli v Mark Mariani, Inc., 119 AD3d 766, 768; Bedessee Imports, Inc. v Cook, Hall & Hyde, Inc., 45 AD3d 792, 793-794).
Here, Champ Construction did not show, prima facie, the existence of an agreement by the third-party defendants to procure workers' compensation insurance for this project, nor that the third-party defendants specifically undertook a duty to procure such an insurance policy (see American Bldg. Supply Corp. v Petrocelli Group, Inc., 19 NY3d 730, 736; Brannigan v Christie Overhead Door, 149 AD3d 892, 893-894).
Furthermore, the third-party defendants showed that any failure to procure insurance did not proximately result in damages to Champ Construction. The third-party defendants established, inter alia, that notwithstanding the lack of workers' compensation insurance, the plaintiff received benefits from the general workers' compensation fund relating to this occurrence. Champ Construction produced no evidence to the contrary. Champ Construction asserts that as a result of the third-party defendants' failure to procure insurance, its general liability carrier disclaimed coverage as to a contractual indemnification cross claim asserted by the general contractor for this project. However, the record shows that its general liability insurance carrier disclaimed coverage for that claim based on a policy exclusion for claims relating to injuries incurred in the scope of a claimant's employment. Moreover, as the Supreme Court determined in a related declaratory judgment action, the indemnification contract was not validly executed.
Under these circumstances, the record showed, as a matter of law, that any failure to procure insurance did not proximately cause damages to Champ Construction (see Milgrim v Royal & SunAlliance Ins. Co., 75 AD3d 587, 589; 730 J & J, LLC v Fillmore Agency, Inc., 22 AD3d 741). Accordingly, we agree with the Supreme Court's determination to grant those branches of the third-party defendants' cross motion which were for summary judgment dismissing the third-party breach of contract and negligence causes of action, and to deny those branches of Champ Construction's motion which were for summary judgment on the issue of liability on those causes of action
We also agree with the Supreme Court's determination to grant that branch of the third-party defendants' cross motion which was for summary judgment dismissing the third-party fraud cause of action, and to deny that branch of Champ Construction's motion which was for summary judgment on the issue of liability on that cause of action. A cause of action alleging fraud requires the plaintiff to plead: (1) a material misrepresentation of a fact, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance, and (5) damages (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559; Stein v Doukas, 98 AD3d 1024, 1025).
Champ Construction failed to show, prima facie, that the third-party defendants made a material misrepresentation of fact as to the procurement of insurance. Moreover, the certificate of insurance that was purportedly issued by the third-party defendants provided that it was "issued as a matter of information only and confer[red] no rights upon the certificate holder." Accordingly, as the Supreme Court found, it was "unreasonable to rely on [that certificate] for coverage in the face of th[at] disclaimer language" (Greater N.Y. Mut. Ins. Co. v White Knight Restoration, 7 AD3d 292, 293; see Benjamin Shapiro Realty Co. v Kemper Natl. Ins. Cos., 303 AD2d 245, 246). Therefore, the third-party defendants were entitled to summary judgment dismissing the third-party fraud cause of action (see Greene v Rachlin, 154 AD3d 814, 817; see also Greater N.Y. Mut. Ins. Co. v White Knight Restoration, 7 AD3d at 293).
SCHEINKMAN, P.J., BALKIN, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court