Broecker v Conklin Prop., LLC (2020 NY Slip Op 07156)





Broecker v Conklin Prop., LLC


2020 NY Slip Op 07156


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2018-11587
 (Index No. 20807/15)

[*1]Ariann Broecker, etc., plaintiff, 
v
Conklin Property, LLC, et al., defendant fourth-party plaintiff-respondent, et al., defendants; JJC Contracting Inc., fourth-party defendant, Total Management Corp., et al., fourth-party defendants-appellants (and a third-party action).


Kaufman Dolowich & Voluck, LLP, Woodbury, NY (Brett A. Scher and Adam Nicolazzo of counsel), for fourth-party defendants-appellants.
Law Offices of Daniel R. Olivieri, P.C., Jericho, NY, for defendant fourth-party plaintiff-respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence and breach of contract, the fourth-party defendants Total Management Corp. and David Lande appeal from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated August 17, 2018. The order, insofar as appealed from, denied that branch of the motion of the fourth-party defendants Total Management Corp. and David Lande which was pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the fourth-party complaint insofar as asserted against them, and granted the cross motion of the defendant fourth-party plaintiff, Conklin Property, LLC, for leave to amend the fourth-party complaint to add a cause of action alleging breach of fiduciary duty.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant fourth-party plaintiff, Conklin Property, LLC (hereinafter Conklin), purchased certain real property and entered into a contract with JJC Contracting, Inc. (hereinafter JJC), a fourth-party defendant, for construction and renovation of the property in order to lease it to the defendant Gurwin Home Care Agency, Inc. (hereinafter Gurwin). Conklin retained the fourth-party defendant David Lande and his insurance company, the fourth-party defendant Total Management Corp. (hereinafter TMC), to procure insurance for it, inter alia, for the construction phase of the renovation project. TMC and Lande, its principal (hereinafter together the appellants), negotiated and procured the subject policy for Conklin. During the renovation, an employee of JJC was injured at the property and died. Subsequently, the employee's estate commenced the instant action against Conklin. US Underwriters, the insurer, disclaimed coverage pursuant to an exclusion for bodily injury to contractors and subcontractors and their workers. Thereafter, Conklin commenced the instant fourth-party action against the appellants, alleging that they breached the agreement by failing to procure coverage for injury to contractors, subcontractors, and their workers, and were negligent in failing to exercise due care in procuring coverage that satisfied Conklin's insurance needs. The appellants moved, inter alia, pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the fourth-party complaint insofar as asserted against them, and Conklin cross-moved for [*2]leave to amend the fourth-party complaint to add a cause of action alleging breach of fiduciary duty. The Supreme Court denied that branch of the appellants' motion which was pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the fourth-party complaint insofar as asserted against them, and granted Conklin's cross motion.
"An insurance agent or broker has a common-law duty to obtain requested coverage for a client within a reasonable amount of time, or to inform the client of the inability to do so. Thus, the duty is defined by the nature of the client's request" (Verbert v Garcia, 63 AD3d 1149, 1149 [citations omitted]; see Murphy v Kuhn, 90 NY2d 266, 270). Here, contrary to the appellants' contention, the fourth-party complaint sufficiently asserted a cause of action alleging negligence. Conklin alleged in the fourth-party complaint that the policy procured, which excluded coverage for bodily injury to contractors, subcontractors, and their workers, did not comport with Conklin's request, and the documentary evidence does not conclusively establish otherwise (see Gibson & Cushman Contr., LLC v Cook Maran & Assoc., Inc., 184 AD3d 755).
The elements of a cause of action sounding in negligent misrepresentation are (1) a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information (see Lamberti v Plaza Equities, LLC, 161 AD3d 837, 839-840). Contrary to the appellants' contention, the allegations in the fourth-party complaint concerning their involvement in assessing Conklin's insurance needs based on their review of the construction contract with JJC and the lease agreement with Gurwin, together with allegations regarding Conklin's reliance on the appellants' expertise, were sufficient to plead the existence of a special relationship necessary to sustain a negligent misrepresentation cause of action (see Fresh Direct v Blue Martini Software, 7 AD3d 487). Conklin also sufficiently alleged that the appellants incorrectly represented that the subject policy would meet Conklin's insurance needs and that it reasonably relied upon this representation (see generally Lamberti v Plaza Equities, LLC, 161 AD3d at 839-840).
"Under New York law, a party who has engaged a person to act as an insurance broker to procure adequate insurance is entitled to recover damages [for breach of contract] from the broker if the policy obtained does not cover a loss for which the broker contracted to provide insurance, and the insurance company refuses to cover the loss" (Bruckmann, Rosser, Sherrill & Co., L.P. v Marsh USA, Inc., 65 AD3d 865, 866 [internal quotation marks omitted]). "An insurance agent or broker can be held liable in negligence if he or she fails to exercise due care in an insurance brokerage transaction. Thus, a plaintiff may seek to hold a defendant broker liable under a theory of either negligence or breach of contract" (id. at 866 [citation omitted]). Here, the fourth-party complaint alleges that the appellants agreed to procure insurance to cover, inter alia, injury to contractors, subcontractors, and their workers, but failed to do so. The fourth-party complaint also alleges, separately and apart from such breach, that the appellants failed to exercise due care by procuring Endorsement 1, which purported to remove an exclusion for bodily injury to contractors, subcontractors, and their workers, but failed to remove all exclusions which would preclude coverage for such injuries, and that the appellants misrepresented that Endorsement 1 would provide the requested coverage (see id. at 866; Bedessee Imports, Inc. v Cook, Hall & Hyde, Inc., 45 AD3d 792). Therefore, contrary to the appellants' contention, the cause of action alleging breach of contract was not duplicative of the cause of action alleging negligence. Moreover, Conklin sufficiently alleged in the fourth-party complaint that the appellants breached the contract to procure adequate insurance.
Generally, tort claims accrue upon an injury being sustained, not upon the defendant's wrongful act or the plaintiff's discovery of the injury (see City Store Gates Mfg. Corp. v Empire Rolling Steel Gates Corp., 113 AD3d 718; Bonded Waterproofing Servs., Inc. v Anderson-Bernard Agency, Inc., 86 AD3d 527, 530). Here, the causes of action alleging negligence and negligent misrepresentation are governed by a three-year statute of limitations period (see CPLR 214[4]; Chase Scientific Research v NIA Group, 96 NY2d 20, 30-31). Conklin's injury was sustained on the date of the worker's injury, August 29, 2014 (see Chase Scientific Research Inc. v NIA Group Inc., 96 NY2d at 31). Prior to that, Conklin had no cognizable injury and, hence, the negligence and negligent misrepresentation causes of action were not enforceable. Since this action was commenced [*3]on August 9, 2017, it was within the three-year statute of limitations.
A fiduciary relationship exists when one party is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relationship (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19). Conklin's allegations that it raised specific questions about the insurance coverage and the exclusions for injury to contractors, subcontractors, and their workers, and that it relied on the appellants' expertise and the inclusion of Endorsement 1, which removed an exclusion for injury to contractors, subcontractors, and their workers, but failed to remove all such exclusions, sufficiently asserted that a special relationship existed between Conklin and the appellants based upon their interactions regarding Conklin's question of coverage for injury to contractors, subcontractors, and their workers, with Conklin relying on the appellants' expertise (see Voss v Netherlands Ins. Co., 22 NY3d 728, 735). Accordingly, we agree with the Supreme Court's determination to grant Conklin's cross motion for leave to amend the fourth-party complaint to add a cause of action alleging breach of fiduciary duty.
BALKIN, J.P., COHEN, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court