Copacabana Realty, LLC v A.J. Benet, Inc. (2021 NY Slip Op 05944)





Copacabana Realty, LLC v A.J. Benet, Inc.


2021 NY Slip Op 05944


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-02260
 (Index No. 12842/12)

[*1]Copacabana Realty, LLC, respondent-appellant,
v
A.J. Benet, Inc., appellant-respondent.


Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Sarah M. Ziolkowski of counsel), for appellant-respondent.
Messina Perillo & Hill LLP, Sayville, NY (Timothy Hill of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for breach of fiduciary duty, breach of contract, and negligent misrepresentation, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated January 11, 2018. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the second cause of action. The order, insofar as cross-appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the first and third causes of action.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the third cause of action, and substituting therefor a provision denying that branch of the defendant's motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the first cause of action. The defendant established, prima facie, that its alleged breach of fiduciary duty in advising the insurer of its opinion that the policy did not provide coverage of the claim was not, as alleged, a cause of the insurer's denial of the claim. In opposition, the plaintiff failed to raise a triable issue of fact.
"An insurance agent or broker has a common-law duty to obtain requested coverage for a client within a reasonable amount of time, or to inform the client of the inability to do so (Broecker v Conklin Prop., LLC, 189 AD3d 751, 752 [internal quotation marks omitted]). Generally, "'[t]o set forth a case for negligence or breach of contract against an insurance broker, a plaintiff must establish that a specific request was made to the broker for the coverage that was not provided in the policy'" (Joseph v Interboro Ins. Co., 144 AD3d 1105, 1108, quoting American Bldg. Supply Corp. v Petrocelli Group, Inc., 19 NY3d 730, 735). "Thus, the duty is defined by the nature of the client's request" (Broecker v Conklin Prop., LLC, 189 AD3d at 752 [internal quotation marks omitted]; see Murphy v Kuhn, 90 NY2d 266, 270). However, "[w]here a special relationship [*2]develops between the broker and client, . . . the broker may be liable, even in the absence of a specific request, for failing to advise or direct the client to obtain additional coverage" (Voss v Netherlands Ins. Co., 22 NY3d 728, 735).
Here, with regard to the second and third causes of action, the defendant insurance broker failed to meet its initial burden of tendering sufficient evidence to demonstrate the absence of triable issues of fact with respect to whether the plaintiff client made a specific request for coverage which was not obtained (see Petri Baking Prods., Inc. v Hatch Leonard Naples, Inc., 151 AD3d 1902, 1905; Hersch v DeWitt Stern Group, Inc., 43 AD3d 644, 644-645). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the second cause of action, which alleges breach of contract. However, contrary to the court's determination, triable issues of fact exist as to whether a specific interaction took place between the plaintiff and the defendant regarding a question of coverage related to the plaintiff's renovation work on the insured property that could give rise to a special relationship between the parties (see Voss v Netherlands Ins. Co., 22 NY3d at 735). Accordingly, the court should have denied that branch of the defendant's motion which was for summary judgment dismissing the third cause of action, which alleges negligent misrepresentation.
DILLON, J.P., IANNACCI, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court