21-2060
*Cosmopolitan Shipping Co., Inc. v. Continental Insurance Company*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand twenty-three.

Present:
> GUIDO CALABRESI,
> DENNY CHIN,
> EUNICE C. LEE,
> > *Circuit Judges*.

_____

COSMOPOLITAN SHIPPING CO., INC., A DELAWARE CORPORATION,

> *Plaintiff-Appellant*,

> v.                                                          21-2060

CONTINENTAL INSURANCE COMPANY, A PENNSYLVANIA CORPORATION, MARSH USA, INC., A DELAWARE CORPORATION,

> *Defendants-Appellees*,

MARSH & MCLENNAN COMPANY, (A NEW YORK CORPORATION),

> *Defendants*.

_____

1

For Plaintiff-Appellant: RICHARD J. DEWLAND (Gregory J. Coffey, *on the brief*), Coffey & Associates, Morristown, NJ.

For Defendant-Appellee Continental: KAREN H. MORIARTY (Kevin T. Coughlin and David M. Farkouh, *on the brief*), Coughlin Midlige & Garland LLP, Morristown, NJ.

For Defendant-Appellee Marsh: CHRISTOPHER J. ST. JEANOS, Willkie Farr & Gallagher LLP, New York, NY.

Appeal from orders of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Cosmopolitan Shipping Co., Inc. ("Cosmopolitan") appeals from two orders of the district court. In the first, entered on January 22, 2021 after a bench trial, the district court found that because Cosmopolitan failed to establish all material terms of lost Policy C-4893, purportedly issued by Defendant-Appellee Continental Insurance Company ("CIC"), the policy could not be found to afford coverage for Cosmopolitan's underlying claims. In the second order, entered on July 27, 2021, the district court granted summary judgment in favor of Defendant-Appellee Marsh USA, Inc. ("Marsh") after finding that Cosmopolitan's negligence claims were time-barred.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference here only as necessary to explain our decision. For the following reasons, we **AFFIRM** the district court's holdings.

**I. Cosmopolitan's Claims against CIC**

Cosmopolitan is a shipping company that previously operated cargo, bulk, and passenger vessels. CIC is an insurance company that provided maritime protection and indemnity ("P&I")

insurance during World War II. In the mid-1980s, former Cosmopolitan seamen filed lawsuits against Cosmopolitan alleging injury from exposure to asbestos. In September 2017, Cosmopolitan settled forty-seven marine asbestos complaints by agreeing to the entry of a consent judgment for $4,582,000 (the "Consent Judgment"). The Consent Judgment covered the injuries sustained by seamen who had sailed aboard war-built vessels chartered by Cosmopolitan between May 1946 and December 1948 (the "relevant time period"). Cosmopolitan filed this action seeking coverage from CIC for at least part of the Consent Judgment.

Cosmopolitan alleged that CIC insured Cosmopolitan chartered vessels during the relevant time period via Policy C-4893. CIC issued Policy C-4893 to the United Nations Relief and Rehabilitation Administration (the "UNRRA"), an international social welfare program that distributed aid to nations affected by World War II. Cosmopolitan argued that because it chartered vessels on behalf of the UNRRA during the relevant time period, CIC must have provided insurance that covers the Consent Judgment in the asbestos action, despite the fact that Policy C-4893 is missing and cannot be found. Following a bench trial, the district court found that while "CIC was the only insurer to issue P&I coverage to the UNRRA for the period between May 1946 and August 1947" and that "Policy C-4893 covered ships that Cosmopolitan chartered on behalf of the UNRRA," Cosmopolitan nonetheless "failed to establish all material terms of Policy C-4893," and therefore was not entitled to insurance coverage from CIC. *Cosmopolitan Shipping Co. v. Cont'l Ins. Co.*, 514 F. Supp. 3d 614, 628 (S.D.N.Y. 2021).

After a bench trial, this Court reviews "the district court's finding of fact for clear error and its conclusions of law *de novo*. Mixed questions of law and fact are also reviewed *de novo*." *Citibank, N.A. v. Brigade Capital Mgmt., LP*, 49 F.4th 42, 58 (2d Cir. 2022) (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 n.2 (2d Cir. 2013)).

On appeal, Cosmopolitan argues that the district court erred in determining that Cosmopolitan failed to establish the material terms of Policy C-4893. Cosmopolitan argues that its proffered secondary evidence of endorsements and form insurance policies from immediately before and after the relevant time period equipped the district court "with a template to ascertain the terms and conditions contained within [Policy No. C-4893] issued to the UNRRA and covering the Cosmopolitan-chartered vessels and seamen in the underlying asbestos actions." Appellant Br. at 24. For support, Cosmopolitan primarily relies upon: a P&I policy that CIC issued to Cosmopolitan to cover 1938 and 1939, Wartime P&I forms issued by CIC to Cosmopolitan in 1945, and a specimen policy represented by Form SP-23 of the American Institute of Marine Underwriters from 1956. Cosmopolitan also notes that its expert testified that these secondary sources "provided conclusive evidence of the operable terms and conditions for coverage afforded to Cosmopolitan Shipping vessels under [Policy No. C-4893]," and that CIC's own expert testified that "the terms of protection and indemnity policies move and change at a 'glacial pace.'" *Id.* at 34–35. Cosmopolitan argues that this evidence cumulatively demonstrates that key insurance policy terms remained essentially consistent from 1938 to 1956, and thus the district court failed to give this evidence appropriate weight when it "ascertain[ed] the terms and conditions of the Continental P&I Policy No. C-4893." *Id.* at 29.

While it is not clear whether the applicable evidentiary standard for lost policy cases is preponderance of the evidence or clear and convincing evidence, *see Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 86 (2d Cir. 2002), Cosmopolitan's proffered secondary evidence fails even under the less demanding preponderance of the evidence standard. *See Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997) ("To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true."). As stated by the district

4

court, the majority of Cosmopolitan's secondary evidence does not have any direct connection with the missing Policy C-4893. And, beyond that, the various policy examples do not even demonstrate a consistent adoption of material terms for policies around the relevant time period. Examples of inconsistencies include policy limits (*e.g.*, $500,000 per vessel versus $500,000 per vessel per accident), time limitations for reporting claims against insurers (*e.g.*, six months after the insured has made a payment versus 24 months after the loss, damages, or payment), and premium provisions (*e.g.*, 32.5 cents per gross ton versus being payable by the insured quarterly in advance as to all vessels covered at the inception date of the policy). This range of inconsistencies fails to shed light on what material terms were actually included in Policy C-4893. *See, e.g.*, *Bandler v. BPCM NYC, Ltd.*, No. 12 Civ. 3512(PGG), 2014 WL 5038407, at *10 (S.D.N.Y. Sept. 29, 2014) (holding "no reasonable jury could find by a preponderance of the evidence" what the terms of a contract were based on proponent's "fail[ure] to proffer reliable and competent secondary evidence as to the terms of the alleged . . . provision" (internal quotation marks omitted)), *aff'd*, 631 F. App'x 71 (2d Cir. 2016). As a result, Cosmopolitan has identified no clear error in the district court's finding of fact that it failed to establish the material terms of Policy C-4893.

## II. Cosmopolitan's Claims against Marsh

Marsh was Cosmopolitan's insurance broker from 1953 to 1985. In 1995—despite Marsh no longer being Cosmopolitan's insurance broker—Stanley Schiff, a claims advocate in Marsh's Marine Division, had a single phone call with Cosmopolitan's owner, Granville Conway, regarding possible insurance coverage for the asbestos claims. Schiff subsequently left Conway a voicemail with his recommendations and, two years later in February 1997, sent an email to his colleagues at Marsh and an outside asbestos coverage attorney summarizing the 1995 call and

voicemail.  Schiff then mailed a printed copy of the email to Conway in March 1997 and never heard from Conway again.

At the time of Schiff's email, Cosmopolitan did not know which insurance carrier had provided coverage during the relevant time period.  Thus, in the email, Schiff focused on one potential carrier: Fulton P&I, a company that took over insurance provided by the U.S. government ("USP&I") after World War II.  As insurance records were not available from either USP&I or Fulton for the relevant time period, Schiff recommended two "possibilities" that Cosmopolitan could undertake to either determine the scope of any potential insurance coverage, or defend against the asbestos suits, instead of "rely[ing] on Fulton P&I for which no coverage can be established."  App'x at 169.  First, Schiff proposed that Cosmopolitan "attempt to tender the defense [of the asbestos claims] to the U.S. Government, since they appear to be the princip[al]." *Id.*  Second, Schiff proposed that Cosmopolitan assert that the asbestos suits were time-barred. Schiff concluded the email by saying: "Please let me know how you wish me to proceed.  Perhaps the above could be forwarded to Mr. Conway and he can advise of any subsequent developments since 1995." *Id*.

Cosmopolitan did not write to Fulton P&I to confirm insurance coverage until 2016, at which point Fulton replied that it had no evidence of insurance coverage for the relevant time period.  In June 2018, Cosmopolitan added Marsh to its lawsuit as a defendant, claiming that it relied upon Marsh's allegedly negligent advice in 1995 and is entitled to damages.  The district court granted Marsh's motion for summary judgment and found that Cosmopolitan's negligence claims were time-barred as a matter of law.

This Court reviews a grant of summary judgment *de novo*.  *Gorman v. Rensselaer County*, 910 F.3d 40, 44 (2d Cir. 2018).  In doing so, evidence is construed "in the light most favorable

6

to the nonmoving party" and courts draw "all reasonable inferences in that party's favor." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

On appeal, Cosmopolitan argues that the district court erroneously determined that its claims were time-barred because its delay in filing suit was the result of Schiff's email, which purportedly "unequivocally urged Cosmopolitan to cease any further insurance investigation efforts [into Fulton P&I] because it had no protection and indemnity coverage for the vessels Cosmopolitan operated." Appellant Br. at 44. Cosmopolitan further argues that the district court could not even determine "the accrual date of when Cosmopolitan first knew or should have known that it had a cause of action against Marsh" because such determinations require a fact-finding hearing, which the district court failed to do. *Id.* at 45–46. Moreover, Cosmopolitan asserts that the district court "committed clear legal error when it concluded that Cosmopolitan should have been reasonably expected to communicate with Fulton in 1995" because Cosmopolitan's lack of action in the intervening decades only demonstrates its complete reliance on Schiff's advice. *Id.* at 48–49.

Like the district court, this Court need not determine whether New York or New Jersey law applies, as Cosmopolitan's claims against Marsh are time-barred under both. In New York, the statute of limitations for negligence actions against insurance brokers is three years from the date of injury. *Broecker v. Conklin Prop., LLC*, 189 A.D.3d 751, 754 (2d Dep't 2020). Here, the date of Cosmopolitan's alleged injury is either in 1995, when Schiff and Conway had their phone call, or, at the latest, in 1997, when Schiff mailed Conway the email that memorialized their phone call. As a result, the statute of limitations under New York law ran in either 1998 or 2000.

In New Jersey, the applicable statute of limitations is six years from the date of injury, *Coto v. Cunningham Constr. Co.*, Docket No. A-4295-18T3, 2020 WL 1082253, at *2 (N.J. Super. Ct. App. Div. Mar. 6, 2020), and thus the statute of limitations under New Jersey law ran in either 2001 or 2003. In both New York and New Jersey, therefore, the applicable statutes of limitation expired several decades before Cosmopolitan sued Marsh in 2018.

The so-called "discovery rule" also does not save Cosmopolitan's claims. Under New Jersey law, "the discovery rule provides that in an appropriate case the limitations period does not begin to run 'until the injured party discovers, or by an exercise of *reasonable diligence* and intelligence *should have discovered* that he may have a basis for an actionable claim.'" *R.L. v. Voytac*, 199 N.J. 285, 299 (2009) (quoting *Lopez v. Swyer*, 62 N.J. 267, 272 (1973)) (emphasis added). To support the application of the discovery rule, Cosmopolitan argues that its decision to wait over twenty-one years to confirm Schiff's advice demonstrates its reasonable reliance on that advice. This assertion is plainly dubious and only becomes more so in the context of the asbestos lawsuits themselves, which had been percolating since the 1980s. A reasonable factfinder could only conclude that Cosmopolitan's decision to wait over two decades to verify the advice of an insurance broker not even in its employ was not reasonably diligent, and thus the discovery rule does not apply. Cosmopolitan's claims against Marsh are therefore time-barred.

We have considered Cosmopolitan's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgments of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk