Ewart v Allstate Ins. Co. (2023 NY Slip Op 06121)

Ewart v Allstate Ins. Co.

2023 NY Slip Op 06121

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2020-06506
 (Index No. 623084/17)

[*1]James L. Ewart, etc., appellant, 
v
Allstate Insurance Company, et al., respondents, et al., defendant. Craig A. Blumberg, New York, NY, for appellant.

Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman and Michael P. Welch of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated August 4, 2020. The order granted the motion of the defendants Allstate Insurance Company and Larry Darcey for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
On May 1, 2017, the plaintiff contacted the defendant Larry Darcey, who was an independent agent for the defendant Allstate Insurance Company (hereinafter Allstate), for the purpose of purchasing a landlord insurance policy to cover certain property located in Smithtown. Darcey subsequently provided quotes for landlord insurance to the plaintiff and then left for vacation without binding coverage in place. The plaintiff did not select a policy and made no payment. Although the plaintiff knew that further actions were required to secure coverage, he believed that Darcey would complete them after he returned from vacation. On May 14, 2017, before Darcey returned, a fire damaged the property. The plaintiff tendered a claim to Allstate, which disclaimed coverage on the basis that no policy was in force on the date of the loss.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract and negligence in failing to procure a landlord insurance policy for the property against, among others, Allstate and Darcey (hereinafter together the defendants). The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated August 4, 2020, the Supreme Court granted the motion. The plaintiff appeals.
Generally, insurance agents "have no continuing duty to advise, guide, or direct a client to obtain additional coverage" (MAAD Constr., Inc. v Cavallino Risk Mgt., Inc., 178 AD3d 816, 818 [internal quotation marks omitted]). However, an insurance agent or broker "may be held liable under theories of breach of contract or negligence for failing to procure insurance upon a showing by the insured that the agent or broker failed to discharge the duties imposed by the agreement to obtain insurance either by proof that it breached the agreement or because it failed to exercise due care in the transaction" (Da Silva v Champ Constr. Corp., 186 AD3d 452, 453; see Bedessee Imports, Inc. v Cook, Hall & Hyde, Inc., 45 AD3d 792, 793-794). Here, the defendants [*2]established, prima facie, that Darcey and the plaintiff did not reach an agreement, as they did not discuss the amount of coverage or the cost of a landlord insurance policy, among other things (cf. Da Silva v Champ Constr. Corp., 186 AD3d at 453). In opposition, the plaintiff failed to raise a triable issue of fact.
An insurance agent or broker has "a common-law duty to obtain requested coverage for a client within a reasonable amount of time, or to inform the client of the inability to do so" (Verbert v Garcia, 63 AD3d 1149, 1149; see Broecker v Conklin Prop., LLC, 189 AD3d 751, 752). Here, the defendants established, prima facie, that Darcey communicated multiple quotes to the plaintiff and that the plaintiff's failure to respond demonstrated a "lack of initiative or personal indifference" that resulted in a failure to obtain coverage (Murphy v Kuhn, 90 NY2d 266, 271; see Verbert v Garcia, 63 AD3d at 1150; Thompson & Bailey, LLC v Whitmore Group, Ltd., 34 AD3d 1001, 1003). In opposition, the plaintiff failed to raise a triable issue of fact (see Thompson & Bailey, LLC v Whitmore Group, Ltd., 34 AD3d at 1003).
The plaintiff's remaining contentions are without merit.
DUFFY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court